UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ERIN JESSICA EILER,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, US EEOC, SOUTH DAKOTA DEPARTMENT OF LABOR, HUMAN RIGHTS;<br><br>Defendants. | 4:19-CV-04046-KES<br><br><br>ORDER DISMISSING CASE IN PART AND DIRECTING SERVICE IN PART |

On February 28, 2019, Erin Jessica Eiler, appearing pro se, filed a 28 U.S.C. § 1983 action against defendants for employment discrimination. Docket 1. Eiler moved for leave to proceed in forma pauperis, which the court granted. Docket 5. Currently pending are Eiler's motion to electronically file documents (Docket 4), Eiler's motion for a Rule 16 pretrial conference (Docket 9), and Eiler's motion for service by the United States Marshal (Docket 11).

Proceeding in forma pauperis is governed by 28 U.S.C. § 1915. That statute provides:

> Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
>     (i)    is frivolous or malicious;
>     (ii)   fails to state a claim on which relief may be granted; or

> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Section 1915(e)(2) allows the court to review a complaint proceeding under in forma pauperis status to determine if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant or defendants who are immune from such relief. Thus, the court is required to screen a pro se complaint as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. The United States Supreme Court has explained that the § 1915(e) screening procedure "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). But an in forma pauperis complaint cannot be dismissed "simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Because Eiler is proceeding pro se, her pleadings must be liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citation omitted). While pro se complaints are construed liberally, "they must still allege facts sufficient

to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Eiler alleges that Wells Fargo improperly denied her employment as a Private Mortgage Banker in Boulder, Colorado. Docket 1 at 3. She also alleges that Wells Fargo denied her employment as a Teller in California and at the Huron, South Dakota Wells Fargo branch. *Id.* She states that Wells Fargo discriminated against her based on a disability, failed to reasonably accommodate her disability, and refused to hire her based on her age and color. *Id.* at 3, 5. She also references a "retaliation component" based on when she was employed by Wells Fargo in 2011-2012. *Id.* at 6. At this point, Eiler has provided sufficient facts to proceed against Wells Fargo.

As to the "South Dakota Human Rights Department of Labor," Eiler does not provide any factual allegations to support a claim against the South Dakota Department of Labor (SD DOL). The only references to the SD DOL in her complaint are: (1) she states that she "has filed charges" with the SD DOL, and (2) she "requests review of the South Dakota Human Rights . . . ." Docket 1 at 1, 7. Thus, she fails to state a claim upon which relief can be granted.

As to the Equal Employment Opportunity Commission (EEOC), Eiler fails to allege sufficient facts to support a claim. In her complaint, Eiler states that she "has filed charges against [Wells Fargo] asserting acts of discrimination" with the EEOC. *Id.* at 1. While Eiler attaches the EEOC's decisions, where the EEOC determined that it was unable to conclude that there was a violation by Wells Fargo (Docket 1 at 8-11), this is insufficient to state a claim upon which relief can be granted.

Also, Eiler cannot sue the EEOC for how it handled her complaint against Wells Fargo. "Congress has not authorized, either expressly or

impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam); *see also Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5-6 (2d Cir. 1997) (holding that "Title VII provides no express or implied cause of action against the EEOC for claims that the EEOC failed properly to investigate or process an employment discrimination charge."). Because "no cause of action against the EEOC exists for challenges to its processing of a claim," a complaint against the EEOC is "properly dismissed . . . for failure to state a claim upon which relief can be granted." *Smith,* 119 F.3d at 34. The court dismisses Eiler's complaint against the EEOC.

Thus, it is

ORDERED that Eiler's complaint (Docket 1) is dismissed without prejudice as it pertains to the South Dakota Department of Labor and the EEOC for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that Eiler's motion for a Rule 16 pretrial conference (Docket 9) is denied.

IT IS FURTHER ORDERED that Eiler's motion for service by the United States Marshal (Docket 11) is granted as to Wells Fargo.

IT IS FURTHER ORDERED that Eiler shall complete and send to the Clerk of Court a summons and USM-285 form for Wells Fargo. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

IT IS FURTHER ORDERED that the United States Marshal Service shall serve the completed summons, together with a copy of the complaint and this order, upon defendant.

IT IS FURTHER ORDERED that Eiler's motion to electronically file documents (Docket 4) is granted.

Dated May 17, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE